JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| PROONE, INC.,<br><br>        Plaintiff,<br><br>    vs.<br><br>LOUIE NED RUSSELL, JACK COATES, and DOES 1-10<br><br>        Defendants. | **Case No.: 8:18-cv-1691-JLS-JDE**<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

    A.    ProOne is awarded monetary judgment against Defendant Louie Ned Russell in the amount of $255,163.22, inclusive of pre-judgment interest, plus $8,287.24 in attorneys' fees;

    B.    ProOne is entitled to post-judgment interest thereon provided by 28 U.S.C. § 1961(a);

    C.    ProOne is entitled to eligible costs upon submission of an Application to the Clerk to Tax Costs pursuant to C.D. Cal. R. 54-2;

    D.    Russell and Defendant Jack Coates, their respective agents, assignees, employees, employers, servants, representatives, successors-in-interest, anyone else

under their indirect or direct control or acting for their direct or indirect benefit, and those persons in active concert or participation with Russell or Coates are PERMANENTLY ENJOINED from:

    1. directly or indirectly using, for any purpose, any physical or electronic items or documents belonging to ProOne, including all devices, records, data, notes, reports, proposals, lists of: (i) formulators, (ii) blenders, (iii) suppliers, (iv) prospective customers, (v) customers, and (vi) distributors, correspondence, specifications, drawings, blueprints, sketches, laboratory notebooks, flow charts, materials, equipment, other documents or property, or copies or reproductions of any aforementioned items or documents, and any information contained, reflected, found or derived from the foregoing (collectively, "ProOne Materials and Information");

    2. directly or indirectly disclosing, for any purpose, any ProOne Materials and Information to any third party, including but not limited to any current, future, actual or potential competitor to ProOne;

    3. directly or indirectly accessing, for any purpose, any ProOne Materials and Information, including but not limited to access through any physical or electronic means;

    4. directly or indirectly selling, offering for sale, conveying, transferring, developing, designing, manufacturing or otherwise commercializing or profiting from any ProOne Materials and Information; and

    5. directly or indirectly using, disclosing or accessing any ProOne Materials and Information in any manner that violates any trade secret or intellectual property rights of ProOne, violates any state or federal law governing use, disclosure or access of any ProOne Materials or Information.

E. Russell and Coates shall:

    1. return and transfer to ProOne all ProOne Materials and Information;

  2. ensure that no ProOne Materials and Information remain in his possession, custody or control; and

  3. certify in writing to ProOne that all such steps listed herein have been taken and that all ProOne Materials and Information have been returned and transferred to ProOne.

 F. Russell and Coates shall provide a copy of this Permanent Injunction to each employer, employee, agent, contractor or affiliate acting on his behalf and any third party, who has or may have actually or potentially had access to, used or disclosed ProOne Materials and Information.

 G. The entry of this Judgment constitutes entry of final judgment as to all claims asserted in this action by ProOne against Russell and Coates pursuant to Fed. R. Civ. P. 54(b).

 H. This Court shall retain jurisdiction over any and all issues arising from or related to the enforcement of this Judgment, including but not limited to any contempt proceedings.

**SO ORDERED, ADJUDGED, AND DECREED.**

DATED: August 8, 2019

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE